

2012 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-13-2012

# USA v. Wilson Garcia

Precedential or Non-Precedential: Non-Precedential

Docket No. 12-1210

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2012

Recommended Citation

"USA v. Wilson Garcia" (2012). *2012 Decisions.* Paper 1151.
http://digitalcommons.law.villanova.edu/thirdcircuit_2012/1151

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2012 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-141                                                               NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1210
_____

UNITED STATES OF AMERICA

v.

WILSON A. GARCIA,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 04-cr-00662-002)
District Judge:  Honorable Harvey Bartle III

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 15, 2012
Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion filed:  April 13, 2012)
_____

OPINION
_____

PER CURIAM

Wilson Garcia appeals the District Court's order dismissing his petition for a writ
of audita querela.  For the reasons below, we will summarily affirm the District Court's
order.

In 2005, Garcia was convicted of distribution of cocaine and distribution of cocaine near a school in violation of 21 U.S.C. §§ 841(a)(1) and 860. Because Garcia had a prior drug conviction, he faced a maximum sentence of life in prison and a mandatory minimum of 120 months in prison. Garcia was subsequently sentenced to 120 months in prison. We affirmed his conviction and sentence on appeal. Garcia then filed an unsuccessful motion pursuant to 28 U.S.C. § 2255. This Court denied Garcia's request for a certificate of appealability.

In December 2011, Garcia filed a petition for a writ of <u>audita querela</u>. He argued that the Supreme Court's decision in <u>Carachuri-Rosendo v. Holder</u>, 130 S. Ct. 2577 (2010), undermines the use of his prior conviction to enhance his sentence. The District Court dismissed the petition without prejudice to Garcia requesting permission to file a second or successive motion pursuant to 28 U.S.C. § 2255. Garcia filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. The writ of <u>audita querela</u> is available as residual post-conviction relief "to the extent that it fills in gaps in the current system of post-conviction relief." <u>Massey v. United States</u>, 581 F.3d 172, 174 (3d Cir. 2009). Thus, relief via a petition for a writ of <u>audita querela</u> is not available where a specific statute addresses the issue at hand. <u>Id.</u> A motion pursuant to 28 U.S.C. § 2255 is the proper vehicle for collaterally challenging a federal conviction or sentence. <u>Id.</u> The restrictions in § 2255 on filing successive habeas motions do not create a gap which may be filled by the writ of <u>audita querela</u>. Accordingly, the District Court did not err in dismissing Garcia's petition.

Summary action is appropriate if there is no substantial question presented in the appeal. <u>See</u> Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. <u>See</u> Third Circuit I.O.P. 10.6.